UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LIQUID CONSULTING, INC.,**

      **Plaintiff,**

v.                                          Case No:   6:22-cv-2312-RBD-RMN

**ROBERTO HERRERA,
GLOBAL PROCESS
CONSULTANTS, LLC, and
GLOBAL PROCESS
CONSULTANTS SRL,**

      **Defendants.**

REPORT AND RECOMMENDATION

This cause came on for consideration with oral argument on March 14, 2023, on the following motion:

> **MOTION:**  MR. ROBERTO HERRERA'S MOTION TO QUASH AND DISMISS (Doc. No. 2)
>
> **FILED:**  December 13, 2022
>
> ---
>
> It is **RECOMMENDED** that the motion be **DENIED as moot**.

On August 15, 2022, Plaintiff Liquid Consulting, Inc., filed a Complaint in Florida state court against Defendants Roberto Herrera and Global Process Consultants LLC, alleging causes of action resulting from an alleged breach of a

December 2019 contract between Plaintiff and Defendant Herrera, who created Global Process Consultants LLC in July 2021. Doc. No. 1-1. On December 13, 2022, Defendants removed the case to this Court because complete diversity of citizenship exists between these parties and the amount in controversy exceeds $75,000.00. Doc. Nos. 1, 14.

On December 13, 2022, Defendant Herrera filed a "Motion to Quash and Dismiss." Doc. No. 2. Herrera, who resides in Costa Rica, requests the Court to quash service of the Complaint and to dismiss it because he contends that Plaintiff failed to serve him properly and that Plaintiff fails to state causes of action in the Complaint. *Id.* Plaintiff filed a response in opposition on December 29, 2022, contending that, among other things, Plaintiff "is in the process of serving Herrera via the Hague Convention, which process has not yet been completed. Thus, the Motion's request to quash service is moot." Doc. No. 15 at 2. Plaintiff also argues that Herrera's "request to dismiss the Complaint is not ripe unless Herrera waives service of initial process or voluntarily submits to this Court's jurisdiction." *Id.* at 3. "To date, Herrera has not responded whether he will agree to accept service. Formal service through the Hague Convention is still in process. For these reasons, the Motion must be denied without prejudice." *Id.*

On January 24, 2023, Plaintiff filed an Amended Complaint against Defendants Herrera; Global Process Consultants LLC; and Global Process

Consultants SRL, which is located in Costa Rica. Doc. No. 28 ¶ 3. A summons to Global Process Consultants SRL was issued on January 25, 2023. Doc. No. 31.

On February 17, 2023, Plaintiff filed a Motion titled "Plaintiff's Second Jurisdictional Request for Production to Defendant Global Process Consultants LLC" and docketed as Plaintiff's "Motion to Compel Response to Second Jurisdictional Request for Production to Global Process Consultants LLC" (the "Motion to Compel"). Doc. No. 39. Defendant Global Process Consultants LLC responded in opposition on March 3, 2023. Doc. No. 43.

On March 14, 2023, the undersigned held a hearing on Defendant Herrera's Motion to Quash and Dismiss (Doc. No. 2) and Plaintiff's Motion to Compel (Doc. No. 39). At the hearing Plaintiff's counsel represented that the central authority in Costa Rica received the documents relating to Defendant Herrera on December 14, 2022, and the documents relating to Global Process Consultants SRL on January 27, 2023, but that the returns of service in compliance with the Hague Convention on Defendants Herrera and Global Process Consultants SRL remain pending. According to Plaintiff's counsel, service of process would take eighteen to twenty-six weeks to complete, and the central authority in Costa Rica returns proof of service four to eight weeks thereafter. Because Plaintiff filed an Amended Complaint and because proof of service of process on the Costa Rican defendants

remains pending, it is **RECOMMENDED** that Defendant Herrera's "Motion to Quash and Dismiss" (Doc. No. 2) be **DENIED as moot**.

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

**RECOMMENDED** on March 14, 2023.

_____
**CELESTE F. BREMER**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties