IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

LIQUID CONSULTING, INC.,

Plaintiff,

v. CASE NO. 6:22-cv-2312-RBD-DAB

ROBERTO HERRERA AND GLOBAL
PROCESS CONSULTANTS LLC,

Defendants.
_______________________________________/

**PLAINTIFF'S MOTION TO COMPEL DOCUMENTS**
**FROM GLOBAL PROCESS CONSULTANTS LLC**
**(First Request for Production)**

Plaintiff, pursuant to the Standing Order on Discovery Motions (Doc. 9) and Rule 34, moves to compel production from Defendant, Global Process Consultants, LLC ("GPC"), and states:

On August 15, 2022, Plaintiff served its First Request for Production ("First Request"). [**Exhibit 1**] On October 12, 2022, GPC served its Response to the First Request. [**Exhibit 2**] This motion addresses paragraphs 7, 8, 15, 19, and 20.

**7** – GPC objected that the request is "repetitive and unnecessarily duplicative." This objection is unclear. No other GPC production addressed the requested information. GPC also objected because the request is "overly broad, and unduly burdensome." Yet, GPC failed to provide any evidence to

support its objections and, thus, they must be overruled. *See Boldstar Tech., LLC v. Home Depot, U.S.A. Inc.*, No. 07-80435-CIV, 2008 WL 11320007, at *2 (S.D. Fla. June 5, 2008); *Tropical Mktg. & Consulting, LLC v. Glock, Inc.*, No. 6:12-CV-1388-ORL-36, 2012 WL 5431002, at *3 (M.D. Fla. Nov. 7, 2012).[1] The request is not overly broad or unduly burdensome; GPC has only existed since July 2021 and claims to have a single customer. [¶1-4, Doc. 43-3]. This may be the reason GPC cannot provide evidence to support the objections.

**<u>8</u>** – This request sought communications from GPC to Plaintiff regarding potential employment with GPC. GPC responded there were none. However, Plaintiff has text messages from Defendant, Roberto Herrera ("Herrera"), one of GPC's founders and managing members, to one of Plaintiff's employees soliciting his employment with GPC, which are clearly responsive. [*See* Pg. 8, Doc. 42] At the good faith conference, the undersigned learned GPC took the position that it was not required to evaluate Herrera's documents. This is improper. Herrera's documents are in GPC's possession, custody, or control, and GPC should be compelled to review his records for responsive documents just as it should for all its managing members or employees.

**<u>15</u>** – GPC objected because the request was not likely to lead to the

[1] GPC also objected based on its pending motion to dismiss, which was not appropriate, and which was denied at the

discovery of admissible evidence. GPC provides no explanation why, and therefore the objection is waived. *See Martin v. Zale Delaware, Inc.*, No. 8:08-CV-47-T-27EAJ, 2008 WL 5255555, at *2 (M.D. Fla. Dec. 15, 2008). Clearly communications about the Vendor Agreement are relevant as they will illustrate GPC's knowledge of the restrictive covenants with which it tortiously interfered. GPC also objected because the request is "overly broad, and unduly burdensome" but provided no evidence. *See Tropical Mktg.,* 2012 WL 5431002, at *3.

**19** – GPC made the same objections as above and, for the same reasons stated above, they should be overruled. Additionally, Herrera's role with GPC is obviously relevant to the claims pled in this action.

**20** – GPC made the same objections as above and, for the same reasons stated above, they should be overruled.

WHEREFORE, Plaintiff requests this Court overrule the objections, compel GPC to produce documents, and award Plaintiff attorneys' fees.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

The undersigned confirms that pursuant to Local Rule 3.01(g) he has spoken with counsel for GPC via telephone on April 12, 2023, and GPC opposes the relief sought by this Motion.

---

hearing on April 19, 2023.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 1, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all CM/ECF participants.

*/s/Tim W. Sobczak*
Tim W. Sobczak
Florida Bar No. 84707
Nichole M. Mooney
Florida Bar No. 57908
DEAN, MEAD, EGERTON, BLOODWORTH,
CAPOUANO & BOZARTH, P.A.
P.O. Box 2346
Orlando, Florida 32802
Telephone: (407) 841-1200
Facsimile: (407) 423-1831
Primary Email: tsobczak@deanmead.com
Secondary Email: kgazboda@deanmead.com
***Attorneys for Plaintiff***

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR SEMINOLE COUNTY, FLORIDA

LIQUID CONSULTING, INC.,
a Florida corporation,

Plaintiff,

v. CASE NO.: ________________________

ROBERTO HERRERA, an individual, and
GLOBAL PROCESS CONSULTANTS LLC,
a foreign limited liability company,

Defendants.
____________________________________/

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT GLOBAL PROCESS CONSULTANTS LLC**

Plaintiff, Liquid Consulting, Inc. ("Liquid Consulting"), pursuant to Florida Rule of Civil Procedure 1.350, requests Defendant fully respond to the following requests and serve copies of the documents identified below within the time permitted by law or within such shorter time as may be ordered by the Court or agreed to by the parties.

## I. DEFINITIONS

As used throughout this Request to Produce the following words and phrases have the meanings indicated:

1. The term "document" is used in its broadest sense and includes, but is not limited to, anything that is deemed to be a document under Rule 1.350 of the Florida Rules of Civil Procedure. In addition, the term "document" shall mean, without limitation, any kind of written or graphic or digital media or medium, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies and drafts thereof, and including, but not limited to, the following: papers, books, letters, correspondence, emails, texts, social media, telegrams, cables, telex messages, memoranda, notes, notations, work papers, intra corporate communications, inter-corporate communications, calendar or diary entries, airplane tickets, travel itineraries, appointment books, minutes, transcripts, agendas, telephone company bills, and/or statements reflecting telephone calls placed, made or charged, reports and recordings of telephone or other conversations or of interviews, or of conferences or other

meetings, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, checks, check stubs, invoices, bills, receipts, cash receipts journals, balance sheets, income statements, auditors' notes, deposit receipts, cash disbursements journal, general ledger, records of disbursements from operating and/or trust accounts, all operating account records, all trust account records, ledgers, computer printouts, electronic communications, e-mails, statements to bank, credit reports, books of account, financial statements to banks or any other parties, bank statements, duplicate deposit receipts, cancelled checks, statistical records, lists, tabulations, all other records kept by electronic, photographic or mechanical means, and things similar to the foregoing, however denominated.

2. The terms, "communications", "document(s)" and "correspondence" shall mean and refer to all writings of any kind or nature, however produced or reproduced, whether or not sent or received, private or confidential, intra-office or inter-office, final or draft, including drafts and copies bearing notations or marks not found on the original, or which otherwise differ from the original, including (i) all written, printed, recorded, graphic, or sound reproductions, however produced, including, but not limited to, e-mail and other electronic communications, books, work-papers, memoranda, notations, typed or handwritten notes, papers, telegrams, cables, facsimiles, notebooks, diaries, calendars, transcripts, minutes, reports, summaries and recordings of telephone and other conversations or of interviews or of conferences, maps, charts, organization charts, diagrams, photographs, microfilms, video and audio tapes and records of any kind, affidavits, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, ledgers, journals, financial statements, spreadsheets, statistical records, brochures, sales/marketing materials, pamphlets, advertisements, circulars, press releases, financial records and any information containing papers, writings or other physical things similar to any of the foregoing; (ii) all computer - readable data compilations, including but not limited to, computer printouts, tapes, diskettes, cards, cassettes, e-mail, and all other records kept by electronic, photographic or mechanical means; (iii) all originals, drafts, and copies that differ in any material respect from the original, including, but not limited to all marginal comments that appear on such documents; and (iv) all attachments, enclosures, or documents affixed to or referenced in such documents. If copies of a document are not identical by reason of any hand-written notations, initials, identification marks, or any other modifications, each non-identical copy is a separate document within the meaning of this definition.

3. The terms "relating to" or "related to" shall mean referring to, evidencing, pertaining to, consisting of, indicating, concerning, or in any way logically or factually connected with the matter discussed or to which reference is made.

4. "Person" shall mean natural person, proprietorship, corporation, partnership, joint venture, limited liability company, governmental entity, and each and every other form of organization or association.

5. "You", "your", or "Global Process" shall mean Defendant, Global Process Consultants, LLC, including any employees, agents, attorneys, or anyone acting on behalf of Defendant.

6. "Liquid Consulting" shall mean the Plaintiff, Liquid Consulting, Inc. and includes all of Liquid Consulting's employees, officers, directors, parents, affiliates

7. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this document request any information that might otherwise be construed to be outside their scope.

8. "All" or "any" means each and every.

## II. INSTRUCTIONS

The terms communication and document include every form of communication and document to include, without limitation, text messages, instant messages, SMS messages, Facebook, Instagram, and Twitter messages, posts, blogs, vlogs, video posts, live streams or like content, Twitter messages (i.e., tweets), electronic mail, email, or any other responsive content posted on any other social media platform or otherwise in your possession, even if not posted.

## III. DOCUMENTS REQUESTED

1. All documents or sources of information that were consulted or reviewed in preparing the answers to the Interrogatories served herewith.

1. All documents evidencing employees, independent contractors, referral sources, advertising agents, marketing consultants, and anyone else that you believe has attempted to generate business for Global Process either before or after it was formed on or about July 22, 2021.

2. All documents evidencing current and/or former customers identified in your response to Interrogatory #2.

3. All documents evidencing communications regarding how, when and/or why the persons and entities identified in your response to Interrogatory #2 became customers of yours, which persons were communicating with whom, who said what, and/or how the communications were witnessed.

4. All documents evidencing potential customers and/or inquiries identified in your response to Interrogatory #4.

5. All documents evidencing how, when and/or why the persons and entities identified in your response to Interrogatory #4 contacted you for services, which persons were communicating with whom, who said what, and/or how the communications were witnessed.

6. For each person or entity identified in your response to Interrogatory #6, all documents evidencing when the introduction or first contact was made with the customer, what services were rendered to them since that time, and/or how much money the customers spent per month on average.

7. All documents identifying all your employees, independent contractors, vendors, and anyone else that you believe has attempted to generate business for Global Process Consultants, LLC either before or after it was formed on or about July 22, 2021.

8. All communications made by you to a Liquid Consulting employee, vendor, or independent contractor regarding potential employment or contracts with Global Process Consultants, LLC.

9. All communications made by any Liquid Consulting employee, vendor, or independent contractor to you regarding potential employment or contracts with Global Process Consultants, LLC.

10. All documents evidencing modes of advertising ever used by you including, but not limited to, websites, road signs, billboards, flyers, brochures, mailers, e-mail advertisements, magazine ads, and/or articles.

11. For each mode of advertising identified in your response to Interrogatory #8, all documents evidencing which business(es) received the advertisement, if applicable; when each advertisement was sent, if applicable; and/or all persons involved with the advertising.

12. Any communications from you to Liquid Consulting after June 5, 2020, related to your possession of documents that Roberto Herrera obtained from Liquid Consulting during the term of his Vendor Agreement with Liquid Consulting.

13. Any communications from Liquid Consulting to you after June 5, 2020, related to your possession of documents that Roberto Herrera obtained from Liquid Consulting during the term of his Vendor Agreement with Liquid Consulting.

14. All documents related to the formation of Global Process Consultants, LLC.

15. All internal communications between or among any of your employees, members, or representatives regarding the Vendor Agreement.

16. All internal communications between or among any of your employees, members, or representatives regarding any document received from Liquid Consulting, Inc., including, but not limited to, the Performance Log. *A copy of the Performance Log will be provided after the parties have executed an appropriate confidentiality agreement*.

17. All documents belonging to Liquid Consulting in your possession, including, but not limited to, any derivative or alteration of such documents.

18. All documents or things copied from Liquid Consulting's computer systems.

19. All documents evidencing Herrera's role, job activities, and obligations with Global Process from its inception to present, including, but not limited to, any employment agreement or operating agreement.

20. All documents evidencing Herrera's interactions with any of your customers from June 5, 2020, to present.

21. All communications sent by you to or received by you from any customer regarding the Performance Log or use of the information created by Liquid Consulting and contained in the Performance Log, such as formulas.

22. All documents that evidence your use of the Performance Log or use of the information created by Liquid Consulting and contained in the Performance Log, such as formulas.

Dated: August 15, 2022

*/s/ Tim W. Sobczak*
Tim W. Sobczak
Florida Bar No. 84707
Dean, Mead, Egerton, Bloodworth,
Capouano & Bozarth, P.A.
420 S. Orange Avenue, Suite 700
Orlando, FL 32801
Phone: (407) 841-1200
Primary Email: tsobczak@deanmead.com
Secondary Email: kgovin@deanmead.com
*Attorneys for Plaintiff*

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR SEMINOLE COUNTY, FLORIDA

LIQUID CONSULTING, INC., a Florida corporation,

Plaintiff,

vs.

Case No. 2022CA001922

ROBERTO HERRERA, an individual, and GLOBAL PROCESS CONSULTANTS LLC, a foreign limited liability company,

Defendants.
_______________________________________/

**DEFENDANT GLOBAL PROCESS CONSULTANTS LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF LIQUID CONSULTING, INC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Global Process Consultants LLC ("GPC"), by and through undersigned counsel, hereby objects/responds to Plaintiff's First Requests for Production of Documents pursuant to Rule 1.350 of Florida Rules of Civil Procedure, for purposes of this action only, reserving the right to supplement and amend, as follows:

**OBJECTIONS OR RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DO NOT WAIVE DEFENDANT GLOBAL PROCESS CONSULTANTS LLC'S DEFENSES OR OBJECTIONS TO THIS ACTION**

The following objections or responses to Plaintiff's First Request for Production of Documents shall not constitute or be deemed to be a waiver of GPC's defenses arising from the Court's lack of personal jurisdiction nor a waiver of GPC's defenses arising from the arbitration



**EXHIBIT "2"**

agreement included in the Vendor's Agreement attached to the Complaint. GPC has already filed its Motion to Dismiss for Lack of Personal Jurisdiction and to Compel Arbitration and Stay Action, or in the Alternative to Dismiss the Complaint for Failure to State a Cause of Action, which is still pending.

**GENERAL OBJECTIONS**

1. GPC objects to the definition of the terms, "communications", "document(s)" and "correspondence" to the extent that they include private or confidential information that may violate personal private data protections that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence, and it is broad enough to include communications exclusively between GPC and its attorney related to this case. This objection does not cover non-privileged documents attached to email communications; so, the extent to which they would be responsive to the corresponding request and not subject to any other stated objection, they will be produced.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1**

All documents or sources of information that were reviewed in preparing the answers to the Interrogatories served herewith.

**RESPONSE TO REQUEST NO. 1**

GPC objects to this request because it will not likely lead to the discovery of admissible evidence. And to the extent that the inquiry is not limited to a time or scope since it generally refers to **all documents or sources of information** reviewed in preparing answers to the Interrogatories, the request is also overly broad and unduly burdensome. Subject to and without waiving this

objection, GPC will produce documents responsive to this request by responding to the following specific requests.

**REQUEST NO. 1(sic)**

All documents evidencing employees, independent contractors, referral sources, advertising agents, marketing consultants, and anyone else that you believe has attempted to generate business for Global Process either before or after it was formed on or about July 22, 2021.

**RESPONSE TO REQUEST NO. 1(sic).**

GPC objects to this request because it will not likely lead to the discovery of admissible evidence. And to the extent that the inquiry is not limited to a time or scope since it refers in general to **documents generated before or after GPC was even incorporated** on or about July 22, 2021, and to documents evidencing employees, independent contractors, referral sources, advertising agents, marketing consultants, **and anyone else** that GPC might believe has attempted to generate business for the company, the request is also overly broad, and unduly burdensome. Finally, to the extent that GPC has filed a Motion to Dismiss for Lack of Personal Jurisdiction and to Compel Arbitration and Stay Action, or in the Alternative to Dismiss the Complaint for Failure to State a Cause of Action, which is still pending, this request has become a premature discovery.

**REQUEST NO. 2**

All documents evidencing current and/or former customers identified in your response to Interrogatory #2.

**RESPONSE TO REQUEST NO. 2.**

GPC objects to this request to the extent that the inquiry is not limited to a time or scope since it refers in general to **all documents** evidencing current and/or former customers identified in GPC's response to Interrogatory #2, which is an overly broad and unduly burdensome request that would force GPC to reveal confidential business, financial, and commercial information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. And, to the extent that GPC has filed a Motion to Dismiss for Lack of Personal Jurisdiction and to Compel Arbitration and Stay Action, or in the Alternative to Dismiss the Complaint for Failure to State a Cause of Action, which is still pending, this request has become a premature discovery.

**REQUEST NO. 3**

All documents evidencing communications regarding how, when and/or why the persons and entities identified in your response to Interrogatory #2 became customers of yours, which persons were communicating with whom, who said what, and/or how the communications were witnessed.

**RESPONSE TO REQUEST NO. 3.**

GPC objects to this request because it is vague, overly broad, and unduly burdensome. Subject to and without waiving this objection, GPC will produce documents responsive to this request.

**REQUEST NO. 4.**

All documents evidencing potential customers and/or inquires identified in your response to Interrogatory # 4.

**RESPONSE TO REQUEST NO. 4.**

None. GPC states that it does not have possession, custody, or control of any documents that are responsive to this request, different from those produced in response to Request No. 3.

**REQUEST NO. 5.**

All documents evidencing how, when and/or why the persons and entities identified in your response to Interrogatory #4 contacted you for services, which persons were communicating with whom, who said what, and/or how the communications were witnessed.

**RESPONSE TO REQUEST NO. 5.**

None. GPC states that it does not have possession, custody, or control of any documents that are responsive to this request, different from those produced in response to Request No. 3.

**REQUEST NO. 6.**

For each person or entity identified in your response to Interrogatory #6, all documents evidencing when the introduction of first contact was made with the customer, what services were rendered to them since that time, and/or how much money the customers spent per month on average.

**RESPONSE TO REQUEST NO. 6.**

None. GPC states that it does not have possession, custody, or control of any documents that are responsive to this request.

**REQUEST NO. 7.**

All documents identifying all your employees, independent contractors, vendors, and anyone else that you believe has attempted to generate business for Global Process Consultants, LLC either before or after it was formed on or about July 22, 2021.

**RESPONSE TO REQUEST NO. 7.**

GPC objects to this request because it is repetitive and unnecessarily duplicative. And as mentioned in response to Request No. 1(sic), to the extent that the inquiry is not limited to a time or scope since it seeks information related to litigation involving employees, independent contractors, vendors, **and anyone else** that GPC believes has attempted to generate business for Global Process Consultants, LLC **either before or after** it was formed on or about July 22, 2021, the request is also overly broad, and unduly burdensome. Finally, to the extent that GPC has filed a Motion to Dismiss for Lack of Personal Jurisdiction and to Compel Arbitration and Stay Action, or in the Alternative to Dismiss the Complaint for Failure to State a Cause of Action, which is still pending, this request has become a premature discovery.

**REQUEST NO. 8.**

All communications made by you to a Liquid Consulting employee, vendor, or independent contractor regarding potential employment or contracts with Global Process Consultants, LLC.

**RESPONSE TO REQUEST NO. 8.**

None. GPC states that it does not have possession, custody, or control of any documents that are responsive to this request.

**REQUEST NO. 9.**

All communications made by any Liquid Consulting employee, vendor, or independent contractor to you regarding potential employment or contracts with Global Process Consultants, LLC.

**RESPONSE TO REQUEST NO. 9.**

None. GPC states that it does not have possession, custody, or control of any documents that are responsive to this request.

**REQUEST NO. 10.**

All documents evidencing modes of advertising ever used by you including, but not limited to, websites, road signs, billboards, flyers, brochures, mailers, e-mail advertisements, magazine ads, and/or articles.

**RESPONSE TO REQUEST NO. 10.**

None. GPC states that it does not have possession, custody, or control of any documents that are responsive to this request.

**REQUEST NO. 11.**

For each mode of advertising identified in your response to Interrogatory #8, all documents evidencing which business(es) received the advertisement, if applicable; when each advertisement was sent, if applicable; and/or all persons involved with the advertising.

**RESPONSE TO REQUEST NO. 11.**

None. GPC states that it does not have possession, custody, or control of any documents that are responsive to this request.

**REQUEST NO. 12.**

Any communications from you to Liquid Consulting after June 5, 2020, related to your possession of documents that Roberto Herrera obtained from Liquid Consulting during the term of his Vendor Agreement with Liquid Consulting.

**RESPONSE TO REQUEST NO. 12.**

None. GPC states that it does not have possession, custody, or control of any documents that are responsive to this request.

**REQUEST NO. 13.**

Any communication from Liquid Consulting to you after June 5, 2022, related to your possession of documents that Roberto Herrera obtained from Liquid Consulting during the term of his Vendor Agreement with Liquid Consulting.

**RESPONSE TO REQUEST NO. 13.**

None. GPC states that it does not have possession, custody, or control of any documents that are responsive to this request.

**REQUEST NO. 14.**

All documents related to the formation of Global Process Consultants, LLC.

**RESPONSE TO REQUEST NO. 14.**

Documents responsive to this request will be produced.

**REQUEST NO. 15.**

All internal communications between or among any of your employees, members, or representatives regarding the Vendor Agreement.

**RESPONSE TO REQUEST NO. 15.**

GPC objects to this request because it will not likely lead to the discovery of admissible evidence. And to the extent that the inquiry (i) is not limited to a time or scope; and (ii) seeks information related to litigation involving **all internal communications** between employees, **members, or representatives**, the request is also overly broad and unduly burdensome. Moreover, to the extent that GPC has filed a Motion to Dismiss for Lack of Personal Jurisdiction and to Compel Arbitration and Stay Action, or in the Alternative to Dismiss the Complaint for Failure to State a Cause of Action, which is still pending, this request has become a premature discovery.

**REQUEST NO. 16.**

All internal communications between or among any of your employees, members, or representatives regarding any document received from Liquid Consulting, Inc., including, but not limited to, the Performance Log. *A copy of the Performance Log will be provided after the parties have executed an appropriate confidentiality agreement.16*

**RESPONSE TO REQUEST NO. 16.**

GPC has not received from Plaintiff the copy of the Performance Log mentioned in Request16. Thus, GPC lacks sufficient knowledge or information to respond to request No. 16.

**REQUEST NO. 17.**

All documents belonging to Liquid Consulting in your possession, including, but not limited to, any derivative or alteration of such documents.

**RESPONSE TO REQUEST NO. 17.**

None. GPC states that it does not have possession, custody, or control of any documents that are responsive to this request.

**REQUEST NO. 18.**

All documents or things copied from Liquid Consulting's computer systems.

**RESPONSE TO REQUEST NO. 18.**

None. GPC states that it does not have possession, custody, or control of any documents that are responsive to this request.

**REQUEST NO. 19.**

All documents evidencing Herrera's role, job activities, and obligations with Global Process from its inception to present, including but not limited to, any employment agreement or operating agreement.

**RESPONSE TO REQUEST NO. 19.**

GPC objects to this request because it will not likely lead to the discovery of admissible evidence. And to the extent that the inquiry (i) is not limited to a time or scope; and (ii) seeks information related in general to a person's role, job activities, and obligations with GPC from its inception to the present, the request is also overly broad and unduly burdensome. Moreover, to the extent that GPC has filed a Motion to Dismiss for Lack of Personal Jurisdiction and to Compel

Arbitration and Stay Action, or in the Alternative to Dismiss the Complaint for Failure to State a Cause of Action, which is still pending, this request has become a premature discovery. Subject to and without waiving this objection, GPC will produce documents responsive to this request.

**REQUEST NO. 20.**

All documents evidencing Herrera's interactions with any of your customers from June 5, 2020, to present.

**RESPONSE TO REQUEST NO. 20.**

GPC objects to this request because it will not likely lead to the discovery of admissible evidence. And to the extent that the inquiry is not limited in scope and **seeks information related in general to any interaction** that Mr. Herrera may have had **with any of GPC's customers in more than two years**, the request is also overly broad and unduly burdensome. Moreover, to the extent that GPC has filed a Motion to Dismiss for Lack of Personal Jurisdiction and to Compel Arbitration and Stay Action, or in the Alternative to Dismiss the Complaint for Failure to State a Cause of Action, which is still pending, this request has become a premature discovery.

**REQUEST NO. 21.**

All communications sent by you to or received by you from any customer regarding the Performance Log or use of the information created by Liquid Consulting and contained in the Performance Log, such as formulas.

**RESPONSE TO REQUEST NO. 21.**

GPC has not received from Plaintiff the copy of the Performance Log mentioned in Request16. Thus, GPC lacks sufficient knowledge or information to respond to request No. 21.

**REQUEST NO. 22.**

All documents that evidence your use of the Performance Log or use of the information created by Liquid Consulting and contained in the Performance Log, such as formulas.

**RESPONSE TO REQUEST NO. 22.**

GPC has not received from Plaintiff the copy of the Performance Log mentioned in Request 16. Thus, GPC lacks sufficient knowledge or information to respond to request No. 22.

Dated: October 12, 2022.

/s/ Pedro A. Jedlicka

Pedro A. Jedlicka, Esquire
Florida Bar No. 1036513 **JEDCA LAW, P.A.**
10055 Yamato Road, Boca Raton, FL 33498
Telephone: (561) 717-6989
Primary Email: pjedlicka@jedca.law
Secondary Email: casemanagement@jedca.law
*Attorney for Defendant Global Process Consultants LLC.*