IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

LIQUID CONSULTING, INC.,

Plaintiff,

v. CASE NO. 6:22-cv-2312-RBD-DAB

ROBERTO HERRERA AND GLOBAL PROCESS CONSULTANTS LLC,

Defendants.

_________________________________________/

**PLAINTIFF'S MOTION TO COMPEL DOCUMENTS FROM GLOBAL PROCESS CONSULTANTS LLC (Second Request for Production)**

Plaintiff, pursuant to the Standing Order on Discovery Motions (Doc. 9) and Rule 34, moves to compel production from Defendant, Global Process Consultants, LLC ("GPC") and states:

On November 16, 2022, Plaintiff served its Second Jurisdictional Request for Production ("Second Request"). [**Exhibit 1**] On April 3, 2023, the Magistrate entered an Order (Doc. 55) ("Order") denying Plaintiff's original Motion to Compel. Plaintiff objected, and on April 19, 2023, during a hearing the Court directed the parties to conduct a good faith conference on the issues in Plaintiff's Objection. Pursuant thereto, GPC agreed to serve a response to the Second Request on or before April 26, and produce documents on or before May 10. On April 26, GPC served its Response. [**Exhibit 2**] Plaintiff

moves to compel as to requests 2, 7, 8, 9, and 10.

**2** – GPC objected because it is "overly broad, unduly burdensome, . . . ." GPC failed to provide any evidence to support its objections. Thus, the objections must be overruled. *See Boldstar Tech., LLC v. Home Depot, U.S.A. Inc.*, No. 07-80435-CIV, 2008 WL 11320007, at *2 (S.D. Fla. June 5, 2008); *Tropical Mktg. & Consulting, LLC v. Glock, Inc.*, No. 6:12-CV-1388-ORL-36, 2012 WL 5431002, at *3 (M.D. Fla. Nov. 7, 2012). Additionally, GPC has only existed since July 2021 and claims to have a single customer. [¶1-4, Doc. 43-3]. Thus, the objections appear to be without support.

In the good faith conference on this motion, GPC asserted the request should be limited to the restrictive covenant period (June 5, 2020 – June 5, 2022) and only to Florida because GPC considers that to be a reasonable territory. The time limitation under the covenant should be tolled due to its violation, and can be extended by this Court. Therefore, that is not a basis to limit discovery. There is no geographic limitation in the restrictive covenant, and this Court has not ruled that any particular geographic limitation is unreasonable, and thus discovery should not now be limited. Further, this discovery is relevant to the issue of the geographic limitation. The action also alleges Defendants stole, and are using, Plaintiff's confidential information. These claims are not limited in time or area.

**7** – GPC asserted the same general objections identified above, and they should be overruled for the same reasons. Further, Plaintiff is entitled to know the full scope of its confidential information provided to Tetra Pak, Inc., as alleged in the Amended Complaint. [¶ 41-43, Doc. 28]

**8, 9, and 10** – GPC objected but also stated it will produce documents. This is improper. *See Nationwide Mut. Fire Ins. Co. v. Kelt, Inc.*, No. 6:14-CV-749-ORL-41, 2015 WL 1470971, at *4 (M.D. Fla. Mar. 31, 2015). Moreover, at the good faith conference, GPC indicated it was not agreeing to produce all responsive documents, only those through June 5, 2022. Thus, the objections are unclear or misleading.

WHEREFORE, Plaintiff requests this Court overrule the objections, compel GPC to produce documents, and award Plaintiff attorneys' fees.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

The undersigned confirms that pursuant to Local Rule 3.01(g) he has spoken with counsel for GPC via telephone on April 28, 2023, and GPC opposes the relief sought by this Motion.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 1, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all CM/ECF participants.

*/s/Tim W. Sobczak*
Tim W. Sobczak
Florida Bar No. 84707
Nichole M. Mooney
Florida Bar No. 57908
DEAN, MEAD, EGERTON, BLOODWORTH,
CAPOUANO & BOZARTH, P.A.
P.O. Box 2346
Orlando, Florida 32802
Telephone: (407) 841-1200
Facsimile: (407) 423-1831
Primary Email: tsobczak@deanmead.com
Secondary Email: kgazboda@deanmead.com
***Attorneys for Plaintiff***

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR SEMINOLE COUNTY, FLORIDA

LIQUID CONSULTING, INC.,
a Florida corporation,

Plaintiff,

v. CASE NO.: 2022-CA-1922

ROBERTO HERRERA, an individual, and
GLOBAL PROCESS CONSULTANTS LLC,
a foreign limited liability company,

Defendants.
_______________________________________/

**PLAINTIFF'S SECOND JURISDICTIONAL REQUEST FOR PRODUCTION TO DEFENDANT GLOBAL PROCESS CONSULTANTS LLC**

Plaintiff, Liquid Consulting, Inc. ("Liquid Consulting"), pursuant to Florida Rule of Civil Procedure 1.350, requests Defendant Global Process Consultants LLC ("GPC," "you," or "your") fully respond to the following requests and serve copies of the documents[1] identified below.

1. All documents evidencing a contractual relationship between you and Global Process Consultants SRL.

2. All documents evidencing a contractual relationship between you and Tetra Pak, Inc.

3. All documents evidencing a contractual relationship between you and Coca-Cola.

---

[1] "Document" means any information that is stored anywhere and in any form, whether in handwritten notes, typed text, charts, lists, graphs, phone records, committee minutes, photos, tape, video, or otherwise, including the original and all copies thereof which are different in any way from the original. "Document" includes any type of communication or any transmission, whether in person, by telephone, in writing, by facsimile, by e-mail, by voicemail, by instant messaging, by text messaging, by social media (including, but not limited to, by Facebook or by Twitter), or otherwise. "Document" includes electronically stored information.

4. All documents evidencing or describing your ownership structure, including, but not limited to, documents identifying your members.

5. All documents evidencing or describing your management or operations structure, including, but not limited to, operating agreements, shareholder agreements, bylaws, or articles of incorporation.

6. All documents evidencing or referring to any marketing efforts directed to customers or potential customers located in Florida that you have done on behalf of any other person or entity, including, but not limited to, Global Process Consultants SRL.

7. All documents sent by you to or received by you from Tetra Pak Inc.

8. All documents sent by you to or received by you from Tetra Pak Inc. regarding business in Florida conducted by you or by Global Process Consultants SRL.

9. All documents sent by you to or received by you from Global Process Consultants SRL regarding business in Florida conducted by you or by Global Process Consultants SRL.

10. All documents that refer to or concern work or effort by you to assist Global Process Consultants SRL with its business in Florida, including, but not limited to, assisting with processing payments.

11. All documents evidencing or referring to any employee, independent contractor, representative, or agent acting on your behalf in Florida.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 16, 2022, I served the foregoing via email to Pedro Jedlicka, Esq., at pjedlicka@jedca.law and casemanagement@jedca.law.

*/s/ Tim W. Sobczak*
Tim W. Sobczak
Florida Bar No. 84707
Michaela N. Kirn
Florida Bar No. 1018863

Dean, Mead, Egerton, Bloodworth,
Capouano & Bozarth, P.A.
420 S. Orange Avenue, Suite 700
Orlando, FL 32801
Phone: (407) 841-1200
Primary Email: tsobczak@deanmead.com
Secondary Email: kgovin@deanmead.com
Primary Email: mkirn@deanmead.com
Secondary Email: smarshall@deanmead.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIQUID CONSULTING, INC.,
a Florida corporation,

Plaintiff,

vs. Case No. 6:22-cv-02312-RBD-RMN

ROBERTO HERRERA, GLOBAL PROCESS CONSULTANTS LLC, and GLOBAL PROCESS CONSULTANTS, S.R.L.

Defendants.
_______________________________________/

**DEFENDANT GLOBAL PROCESS CONSULTANTS LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF LIQUID CONSULTING, INC'S SECOND JURISDICTIONAL REQUEST FOR PRODUCTION**

Defendant Global Process Consultants LLC ("GPC LLC"), by and through undersigned counsel, hereby objects/responds to Plaintiff's Second Jurisdictional Request for Production of Documents, for purposes of this action only, reserving the right to supplement and amend, as follows:

**REQUEST NO. 1**

All documents evidencing a contractual relationship between you and Global Process Consultants SRL.

**RESPONSE TO REQUEST NO. 1**

Documents responsive to this request will be produced.

**REQUEST NO. 2**

All documents evidencing a contractual relationship between you and Tetra Pak, Inc.

**RESPONSE TO REQUEST NO. 2**

GPC LLC objects to this request to the extent that the inquiry is not limited to any dates, such as the contract's time period with Herrera, or during the time Plaintiff and Herrera allegedly had a covenant not to compete (i.e., up to June 04, 2020). The request refers, in general, to all documents evidencing a contractual relationship between GPC LLC and Tetra Pak, Inc., not stating either whether such request should be limited to activities or services connected to specific cities or counties in Florida, or throughout the State of Florida, the United States of America, or any other country. The request is overly broad, unduly burdensome, not proportional to the needs of the case, and outweighs any likely benefit, particularly in relation to business operations allegedly carried out in Florida by GPC LLC.

**REQUEST NO. 3**

All documents evidencing a contractual relationship between you and Coca-Cola.

**RESPONSE TO REQUEST NO. 3**

None. GPC LLC does not have a contractual relationship with Coca-Cola.

**REQUEST NO. 4**

All documents evidencing or describing your ownership structure, but not limited to, documents identifying your members.

**RESPONSE TO REQUEST NO. 4**

Documents responsive to this request will be produced.

**REQUEST NO. 5**

All documents evidencing or describing your management or operations structure, including, but not limited to, operating agreements, shareholders agreements, bylaws, or articles of incorporation.

**RESPONSE TO REQUEST NO. 5**

Documents responsive to this request will be produced.

**REQUEST NO. 6**

All documents evidencing or referring to any marketing efforts directed to customers or potential customers located in Florida that you have done on behalf of any other person or entity, including, but not limited to, Global Process Consultants SRL.

**RESPONSE TO REQUEST NO. 6**

None. GPC LLC already stated in its responses to Plaintiff's First Set of Interrogatories, that GPC LLC had not developed any marketing campaigns, websites, road signs, billboards, flyers, brochures, mailers, e-mail advertisements,

magazine ads, or articles to advertise GPC's services in the United States. Moreover, GPC LLC has not hired any marketing company or any other company to advertise GPC LLC's services in the United States.

**REQUEST NO. 7**

All documents sent by you to or received by you from Tetra Pak Inc.

**RESPONSE TO REQUEST NO. 7**

GPC LLC objects to this request to the extent that the inquiry is not limited to any dates, such as the contract's time period with Herrera, or during the time Plaintiff and Herrera allegedly had a covenant not to compete (i.e., up to June 04, 2020). The request refers, in general, to all documents sent by GPC LLC to or received by GPC LLC from Tetra Pak Inc., not stating either whether such request should be limited to activities or services connected to specific cities or counties in Florida, or throughout the State of Florida, the United States of America, or any other country. The request is overly broad, unduly burdensome, not proportional to the needs of the case, and outweighs any likely benefit, particularly in relation to business operations allegedly carried out in Florida by GPC LLC.

**REQUEST NO. 8**

All documents sent by you to or received by you from Tetra Pak Inc. regarding business in Florida conducted by you or by Global Process Consultants S.R.L.

**RESPONSE TO REQUEST NO. 8.**

GPC LLC objects to this request to the extent that the inquiry is not limited to any dates, such as the contract's time period with Herrera, or during the time Plaintiff and Herrera allegedly had a covenant not to compete (i.e., up to June 04, 2020). The request is overly broad, unduly burdensome, not proportional to the needs of the case, and outweighs any likely benefit, particularly in relation to business operations allegedly carried out in Florida by GPC LLC during the time Plaintiff and Herrera had a covenant not to compete. Subject to and without waiving this objection, GPC LLC will produce documents responsive to this request.

**REQUEST NO. 9.**

All documents sent by you to or received by you from Global Process Consultants SRL regarding business in Florida conducted by you or by Global Process Consultants SRL.

**RESPONSE TO REQUEST NO. 9.**

GPC LLC objects to this request to the extent that the inquiry is not limited to any dates, such as the contract's time period with Herrera, or during the time Plaintiff and Herrera allegedly had a covenant not to compete (i.e., up to June 04, 2020). The request is overly broad, unduly burdensome, not proportional to the needs of the case, and outweighs any likely benefit, particularly in relation to business operations allegedly carried out in Florida by GPC LLC or by Global Process Consultants SRL during the time Plaintiff and Herrera allegedly had a

covenant not to compete. Subject to and without waiving this objection, GPC LLC will produce documents responsive to this request.

**REQUEST NO. 10.**

All documents that refer to or concern work or effort by you to assist Global Process Consultants SRL with its business in Florida, including, but not limited to, assisting with processing payments.

**RESPONSE TO REQUEST NO. 10.**

GPC LLC objects to this request to the extent that the inquiry is not limited to any dates, such as the contract's time period with Herrera, or during the time Plaintiff and Herrera allegedly had a covenant not to compete (i.e., up to June 04, 2020). The request is overly broad, unduly burdensome, not proportional to the needs of the case, and outweighs any likely benefit, particularly in relation to business operations allegedly carried out in Florida by GPC LLC or allegedly assisting Global Process Consultants SRL during the time Plaintiff and Herrera had a covenant not to compete. Subject to and without waiving this objection, GPC LLC will produce documents responsive to this request.

**REQUEST NO. 11.**

All documents evidencing or referring to any employee, independent contractor, representative, or agent acting on your behalf in Florida.

**RESPONSE TO REQUEST NO. 11.**

GPC LLC objects to this request to the extent that the inquiry is not limited to any dates, such as the contract's time period with Herrera, or during the time Plaintiff and Herrera allegedly had a covenant not to compete (i.e., up to June 04, 2020). Additionally, considering that on April 19, 2023, Plaintiff's and GPC LLC's counsels attended an in-person hearing before District Court Judge Dalton at the U.S. Courthouse in Orlando, Florida (Doc. 62) where the Court stated that it would deny GPC LLC's Motion to Dismiss for Lack of Personal Jurisdiction, this request is now moot, not proportional to the needs of the case, and outweighs any likely benefit, particularly in relation to business operations allegedly carried out in Florida by GPC LLC during the time Plaintiff and Herrera had a covenant not to compete.

Dated: April 26, 2023.

/s/ Pedro A. Jedlicka

Pedro A. Jedlicka (pjedlicka@jedca.law)
Florida Bar No. 1036513
**JEDCA Law, P.A.**
10055 Yamato Road, Boca Raton, FL 33498
Telephone: (561) 717-6989
*Attorney for Defendant Global Process Consultants LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 26, 2023, a true and correct copy of the foregoing a true and correct copy of the foregoing was electronically served by email to:

Tim W. Sobczak, Esq.
Michaela N. Kirn, Esq.
Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, P.A.
420 S. Orange Avenue, Suite 700
Orlando, Florida 32801
Primary email address: tsobczak@deanmead.com
Primary email address: mkirn@deanmead.com
Secondary Email: kgazboda@deanmead.com
.

/s/ Pedro A. Jedlicka
Pedro A. Jedlicka (pjedlicka@jedca.law)
Florida Bar No. 1036513
**JEDCA Law, P.A.**
10055 Yamato Road, Boca Raton, FL 33498
Secondary email: casemanagement@jedca.law
Telephone: (561) 717-6989
*Attorney for Defendant Global Process Consultants LLC.*

2023-0425-00024-vf-gpcllc-response-second-jurisdictional-discovery-req-for-prod.docx