UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIQUID CONSULTING, INC.,
a Florida corporation,

Plaintiff,

vs. Case No. 6:22-cv-02312-RBD-DAB

ROBERTO HERRERA, an individual, and
GLOBAL PROCESS CONSULTANTS
LLC, a foreign limited liability company,

Defendants.
_________________________________/

**DEFENDANT GLOBAL PROCESS CONSULTANTS LLC'S**
**RESPONSE TO PLAINTIFF'S MOTION TO COMPEL [D.E. 66]**

Defendant Global Process Consultants LLC ("GPC"), by and through its undersigned counsel, files its Response in Opposition to Plaintiff's Motion to Compel First Request for Production of Documents [D.E. 66], and states:

During the April 18, 2023 hearing, the Court directed the parties to conduct a good faith conference on the issues regarding discovery. Plaintiff and GPC agreed that GPC would serve a response to Plaintiff's Second Jurisdictional Request for Production on or before April 26, 2023 and that GPC would have until May 10, 2023, to produce the documents.

Plaintiff did not refer to any other pending discovery request. However, on May 1, 2023, a week before GPC's agreed deadline to produce documents, Plaintiff filed this Motion to Compel First Request for Production of Documents [D.E. 66]— and a separate additional Motion to Compel Production [D.E. 67]— stating that

Plaintiff conferred with GPC days before the hearing, to discuss the relief sought by this first Motion, to which GPC opposed.

GPC's objections to Plaintiff's First Request for Production in paragraphs 7, 15, 19, and 20 are not boilerplate but based on the requests' lack of geographic and time restrictions. Plaintiff's claims arise from (i) a Vendor Agreement that included a two-year non-compete and solicitation limitation that ended on June 4, 2022 [D.E. 28, Ex. 1 at ¶23]; and (ii) tortious acts allegedly committed by GPC in Florida. [D.E. 42 at ¶14-15].

Plaintiff requires all internal communications regarding the Vendor Agreement, all documents evidencing Herrera's role, job activities, and obligations with GPC up to the present, and all interactions between Herrera and any of GPC's customers up to the present. This request encompasses virtually all documents and communications created and exchanged with one of the members of GPC and by such member throughout the course of GPC's business, including minutes of meetings, all quotes, invoices, hotel and car rental reservations, dinner receipts, participation in business conferences and seminars, contracts, pieces of training, service and product descriptions, emails, travel receipts, private and personal communications, among other communications or documents that are irrelevant and disproportionate to the needs of the case.

Not limiting Plaintiff's request to the time restrictions of the non-compete agreement mentioned above and to the location where the Defendants committed the alleged tortious acts becomes a fishing expedition for Plaintiff to have access—

with no limitations—to GPC's trade secrets and confidential business information, which are irrelevant to this case.

Based on GPC's responses to Plaintiff's discovery requests, Plaintiff became aware of the development of GPC's business in the United States and of GPC's intention to develop further its business relationship with Tetra-Pack after June 2022. [D.E. 42-4, D.E. 43-3]. Through Plaintiff's Requests 15, 19, and 20 of its First Request for Production of Documents, Plaintiff seeks information not only beyond the scope of the two-year non-compete and solicitation limitations stated in the Vendor Agreement executed between Plaintiff and Roberto Herrera—which supports Plaintiff's claims— [D.E. 28, Ex. 1 at ¶23], terminated by Roberto Herrera on or about June 5, 2020 [D.E. 28 at ¶6], but also information that is competitively sensitive, confidential, or proprietary, including information that is subject to third-party confidentiality obligations, without adequate protections or restrictions on its use, and for which the probative value is outweighed by the non-parties' interests in preserving confidentiality.

Regarding Request 8 of Plaintiff's First Request of Production of Documents, Plaintiff challenges the veracity of GPC's response by stating that Plaintiff has text messages sent by co-Defendant Roberto Herrera to one of Plaintiff's employees soliciting his employment with GPC. However, Plaintiff refers to private and personal messages sent via WhatsApp by Roberto Herrera on June 12, 2022, and on December 22 and 22, 2022 [D.E. 42-7], issued more than two years after Roberto Herrera terminated the Vendor Agreement on or about June 5, 2020 [D.E. 28 at ¶6] and, therefore, issued at a time when such non-compete and

solicitation limitations were no longer valid [D.E. 28, Ex. 1 at ¶23]. Moreover, Plaintiff states in a conclusory manner that because Roberto Herrera is a member of GPC, all private messages sent from Roberto Herrera's WhatsApp personal account should be taken as sent on behalf of GPC. However, Roberto Herrera's personal messages referred to by Plaintiff do not refer whatsoever to GPC [D.E. 42-7].

Finally, GPC stated in its objections to Requests 16, 21, and 22 [D.E. 66 at ¶19, 21-22] that it cannot produce documents related to Plaintiff's alleged proprietary information or Performance Log because GPC has not received from Plaintiff any copy of such Performance Log. Such Performance Log has not been produced nor described in any way by the Plaintiff in this trial. Although Plaintiff and GPC executed a Confidentiality Agreement on April 28, 2023, for Plaintiff to produce said Performance Log, *see Exhibit 1*, instead of producing the Performance Log to help GPC understand the scope of such Requests and of Plaintiff's claims, Plaintiff filed this Motion to Compel.

**Conclusion**

For the reasons stated above, this Court should deny Plaintiff's Motion to Compel the First Request for Production of Documents [D.E. 66].

Dated: May 8, 2023.

By: /s/ Pedro A. Jedlicka

Pedro A. Jedlicka (pjedlicka@jedca.law)
Florida Bar No. 1036513
**JEDCA LAW, P.A.**
10055 Yamato Road, Boca Raton, FL 33498
Telephone: (561) 717-6989
*Attorney for Defendant Global Process Consultants LLC.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 8, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all CM/ECF participants.

/s/ Pedro A. Jedlicka
Pedro A. Jedlicka (pjedlicka@jedca.law)
Florida Bar No. 1036513
**JEDCA LAW, P.A.**
10055 Yamato Road, Boca Raton, FL 33498
Telephone: (561) 717-6989
*Attorney for Defendant Global Process Consultants LLC.*