UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIQUID CONSULTING, INC.,
a Florida corporation,

Plaintiff,

vs. Case No. 6:22-cv-02312-RBD-RMN

ROBERTO HERRERA, an individual, and
GLOBAL PROCESS CONSULTANTS
LLC, a foreign limited liability company,

Defendants.
_________________________________________/

**DEFENDANT GLOBAL PROCESS CONSULTANTS LLC'S**
**RESPONSE TO PLAINTIFF'S MOTION TO COMPEL [D.E. 67]**

Defendant Global Process Consultants LLC ("GPC"), by and through its undersigned counsel, files its Response in Opposition to Plaintiff's Motion to Compel Second Jurisdictional Request for Production of Documents [D.E. 67], and states:

During the April 18, 2023 hearing, the Court directed the parties to conduct a good faith conference on the issues regarding discovery. Plaintiff and GPC agreed that GPC would serve a response to Plaintiff's Second Jurisdictional Request for Production on or before April 26, 2023, and that GPC would have until May 10, 2023, to produce the documents.

However, on May 1, 2023, a week before GPC's agreed deadline to produce documents, Plaintiff filed this Motion to Compel Second Jurisdictional Request for

Production of Documents [D.E. 67]—and a separate additional Motion to Compel Production [D.E. 66]—.

**2 -** GPC's objection to Plaintiff's Request 2 of Plaintiff's Second Jurisdictional Request for Production, is not boilerplate but based on the requests' lack of geographic and time restrictions. The lack of geographic restrictions in the restrictive covenant, does not make it presumptively reasonable, nor does it make nationwide or worldwide discovery reasonable here. Plaintiff's claims arise from (i) a Vendor Agreement that included a two-year non-compete and solicitation limitation that ended on June 4, 2022 [D.E. 28, Ex. 1 at ¶23]; and (ii) tortious acts allegedly committed by GPC in Florida. [D.E. 42 at ¶14-15].

While the action may involve an alleged theft of confidential information, Request 2 refers to all documents evidencing a contractual relationship between GPC and Tetra Pak, Inc., which encompass virtually all documents and communications created and exchanged throughout the course of GPC's business relationship with Tetra Pak, Inc., even beyond the scope of the non-compete or solicitation limitations stated in the Vendor Agreement, and not even related to the location and dates connected to the tortious acts allegedly committed by GPC in Florida. [D.E. 42 at ¶14-15]. These documents would include, without any limitation in time or geographic location, all quotes, invoices, contracts, participation in trainings, service and product descriptions, emails, travel receipts, among other documents that are irrelevant to the claims and defenses in this case, duplicative, and disproportionate to the needs of the case.

Not limiting Plaintiff's request to the time restrictions of the non-compete agreement mentioned above and to the location where the Defendants allegedly committed a tortious act, becomes a fishing expedition for Plaintiff to have access—with no limitations—to GPC's trade secrets and confidential business information, which are irrelevant to this case.

Moreover, Plaintiff's seeks information that is competitively sensitive, confidential, or proprietary, including information that is subject to third-party confidentiality obligations, without adequate protections or restrictions on its use, and for which the probative value is outweighed by the non-parties' interests in preserving confidentiality. The Motion should be denied on this request.

Plaintiff argues that "[t]he time limitation under the covenant should be tolled due to its violation, and can be extended by this Court." However, "It is well established that a court cannot rewrite the clear and unambiguous terms of a voluntary contract." *Pol v. Pol*, 705 So. 2d 51, 53 (Fla. Dist. Ct. App 1997). While a restrictive covenant may contain a tolling provision in the case of a breach, the Vendor Agreement at issue here does not. Plaintiff is asking the Court to rewrite the terms of its contract to add a provision Plaintiff chose not to include. [D.E. 28, Ex. 1 at ¶23]. The Motion should be denied on this request.

**7 -** Plaintiff alleges that it "is entitled to know the full scope of its confidential information provided to Tetra Pak, Inc., as alleged in the Amended Complaint." [D.E. 67 at 3]. However, the overly broad request states "[a]ll documents sent by you to or received by you from Tetra Pak Inc. The use of the word "all" certainly does not necessarily render a request overbroad. *Nationwide Mut. Fire Ins. Co. v.*

*Kelt, Inc.*, No. 6:14-cv-749-Orl-41TBS, 2015 U.S. Dist. LEXIS 43251, at *10 (M.D. Fla. Mar. 30, 2015). For example, had Plaintiff requested "all documents provided to Tetra Pak that included Plaintiff's confidential information," the request may not have been overbroad. However, Request 7 of Plaintiff's Second Jurisdictional Request for Production asks for all documents sent by GPC to Tetra Pak, failing to describe with reasonable particularity each item or category of items requested, encompassing instead GPC's trade secrets, confidential information, and other documents that are not relevant to the claims and defenses in this case. The Motion should be denied on this request.

**8, 9, and 10** – Plaintiff asserts that the objections to Requests 8, 9, and 10 of Plaintiff's Second Jurisdictional Request for Production are unclear or misleading because, at the good faith conference mentioned above, GPC indicated it was not agreeing to produce all responsive documents, only those through June 5, 2022. However, this clarifies the objection. GPC objects to the production of irrelevant documents created after the expiration of the restrictive covenant. As stated above, the Court cannot rewrite the Vendor Agreement and add a tolling provision to such contract.

Plaintiff became aware of the development of GPC's business in the United States and of GPC's intention to develop further its business relationship with Tetra-Pack after June 2022. [D.E. 42-4, D.E. 43-3]. Through Plaintiff's Requests 2, 7, 8, 9 and 10 of its Second Jurisdictional Request for Production of Documents, Plaintiff seeks information not only beyond the scope of the two-year non-compete and solicitation limitations stated in the Vendor Agreement executed between

Plaintiff and Roberto Herrera—which supports Plaintiff's claims— [D.E. 28, Ex. 1 at ¶23], terminated by Roberto Herrera on or about June 5, 2020 [D.E. 28 at ¶6], but also information that is competitively sensitive, confidential, or proprietary, including information that is subject to third-party confidentiality obligations, without adequate protections or restrictions on its use, and for which the probative value is outweighed by the non-parties' interests in preserving confidentiality.

**Conclusion**

For the reasons stated above, this Court should deny Plaintiff's Motion to Compel the Second Request for Production of Documents [D.E. 67].

Dated: May 8, 2023.

By: /s/ Pedro A. Jedlicka

Pedro A. Jedlicka (pjedlicka@jedca.law)
Florida Bar No. 1036513
**JEDCA LAW, P.A.**
10055 Yamato Road, Boca Raton, FL 33498
Telephone: (561) 717-6989
*Attorney for Defendant Global Process Consultants LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 8, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all CM/ECF participants.

/s/ Pedro A. Jedlicka

Pedro A. Jedlicka (pjedlicka@jedca.law)
Florida Bar No. 1036513
**JEDCA LAW, P.A.**
10055 Yamato Road, Boca Raton, FL 33498
Telephone: (561) 717-6989
*Attorney for Defendant Global Process Consultants LLC.*