UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| LIQUID CONSULTING, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROBERTO HERRERA; and<br>GLOBAL PROCESS<br>CONSULTANTS LLC,<br><br>　　　　Defendants. | Case No. 6:22-cv-2312-RBD-RMN |

## ORDER

This cause comes before the Court for consideration without oral argument on Plaintiff's Motion to Compel (Dkt. 66), filed on May 1, 2023. On May 8, 2023, Defendant responded in opposition. Dkt. 70. Upon consideration, Plaintiff's Motion is due to be granted.

### I.   Background

Plaintiff Liquid Consulting, Inc., moves to compel production of documents responsive to five requests within its First Request for Production ("First Request"), served on Defendant on August 15, 2022. Dkt. 66. Defendant opposes, Dkt. 70, and the matter is ripe for review.

## II. Analysis

### A. Request No. 7

First, Plaintiff seeks documents identifying "employees, independent contractors, vendors, and anyone else that [they] believe has attempted to generate business [for Defendant] either before or after [Defendant] was formed on or about July 22, 2021." Dkt. 66 at 8.[1] Defendant objected that the request was "repetitive and unnecessarily duplicative" without mention of the specific requests that it was duplicative of. *Id.* at 16. Further, Defendant objected as "not limited to a time or scope" and "overly broad, and unduly burdensome."[2] *Id.*

Objections like these are disfavored by courts. "Boilerplate objections such as 'the request is overly broad, unduly burdensome, and outside the scope of permissible discovery' are insufficient without a full, fair explanation particular to the facts of the case." *Middle District Discovery* (2021) at

---

[1] This Order cites the page of the adobe acrobat document filed on the docket.

[2] This order addresses only those objections asserted in response to Plaintiff's First Request. Any argument or objection that is not made in writing before the filing of a motion is waived. *Harvard v. Inch*, No. 4:19-civ-212, 2020 WL 701990, at *3 (N.D. Fla. Feb. 7, 2020) (citing *Socas v. Nw. Mut. Life Ins. Co.*, No. 07-20336-CIV, 2008 WL 619322, *6 (S.D. Fla. Mar. 4, 2008)). The Court will therefore not address arguments or objections made for the first time in response to Plaintiff's motion.

Section III.A.6.³ "Objections to requests for production should be specific, not generalized, and should be in compliance with the provisions of Rule 34(b), Federal Rules of Civil Procedure." *Id.* Defendant's objection to Request No. 7 does not provide Plaintiff with specific information about *how* or *why* the request is overly broad, burdensome, and outside the scope of discovery. It is therefore an improper boilerplate objection and is overruled. *See, e.g.*, *Asphalt Paving Sys., Inc. v. General Combustion Corp.*, No. 6:15-cv-49-Orl-41TBS, 2016 WL 3167712, at *2 (M.D. Fla. June 7, 2016) ("The Court does not consider frivolous, conclusory, general, or boilerplate objections."); *Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) ("Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court.") (citations omitted). That Defendant has subsequently attempted to provide more specific objections in its response to a motion to compel is unavailing. *See Lorenzano v. Sys., Inc.*, No. 6:17-cv-422, 2018 WL 3827635, at *3 (M.D. Fla. Jan. 24, 2018)

---

³ The Court has published on its website guidelines on discovery practice in civil cases. See *Middle District Discovery: A Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida* (2021), https://www.flmd.uscourts.gov/civil-discovery-handbook. Though "neither substantive law nor inflexible rule," counsel should nevertheless review and consider this publication as "it is an expression of generally acceptable discovery practice in the Middle District." *Id.* at iii.

Furthermore, Defendant's objection based on a pending motion to dismiss (which has since been denied) is not a proper objection, is not well taken, and is also overruled.

Defendant will be compelled to produce all responsive documents in its possession, custody, or control to Request No. 7.

### B. Request No. 8

Next, Plaintiff requests "[a]ll communications" to any "employee, vendor, or independent contractor" about employment or contracts. Dkt. 66 at 16. Defendant stated that they have no documents in their possession, custody, or control responsive to this request. *Id.* Plaintiff points out that there are text messages from Roberto Herrera that are responsive to this request and Defendant should evaluate those messages for responsive documents. *Id.* at 2.

The undersigned agrees. Mr. Herrera is an officer of GPC and as such his personal messages, as much as they are related to the litigation, are discoverable. *See Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984) (defining "control" within the meaning of Fed. R. Civ. P. 34(b) as "not only as possession, but as the legal right to obtain the documents requested upon demand"). Defendant's remaining arguments over the time frame in which these messages were sent were not properly raised as objections to Plaintiff's First Request for Production, and as such were waived. *See* Dkt. 70 at 3–4. Thus, Defendant's objections, as they related to Request No. 8, are overruled,

and Defendant shall produce all responsive documents in its possession, custody, or control.

### C. Request No. 15

In the next request, Plaintiff seeks internal communications "between or among any of [Defendant's] employees, members, or representatives regarding the Vendor Agreement." Dkt. 66 at 19. Defendant objected as "not likely to lead to the discovery of admissible evidence," not limited in "time or scope," and "overly broad and unduly burdensome" because it seeks all internal communications between employees, members, or representatives. *Id.* These objections are not well taken.

As an initial matter, it is simply not true that this request is not "likely to lead to the discovery of admissible evidence" because it asks for documents directly related to the Vendor Agreement, which is central to the present litigation. Furthermore, the boilerplate objections about time and scope limitations and the request being overly broad and unduly burdensome are meaningless without additional information, and so Defendant's objections are overruled. *See Martin v. Zale Delaware, Inc.*, No. 8:08-cv-47, 2008 WL 5255555, at *1 (M.D. Fla. Dec. 15, 2008) ("Objections stating that a request is "vague," "overly broad," or "unduly burdensome" are meaningless standing alone").

Defendant will be compelled to produce all responsive documents in its possession, custody, or control to Request No. 15.

### D. Request No. 19

In Request No. 19, Plaintiff seeks documents about Mr. Herrera's "role, job activities, and obligations" with Defendant. Dkt. 66 at 20–21. Defendant's objections were nearly identical to the boilerplate objections to Request No. 15. *Compare id.* at 20 (response to Request No. 15) *with id.* at 20–21 (response to Request No. 19). Thus, for the same reasons, Defendant's objections to Request No. 19 are overruled, and Defendant will be compelled to produce all responsive documents in its possession, custody, or control.

### E. Request No. 20

Finally, in Request No. 20, Plaintiff seeks all documents regarding Mr. Herrera's "interactions with any of [Defendant's] customers from June 5, 2020, to present. Dkt. 66 at 21. Without providing case specific information and evidence in support, Defendant objected as "not likely to lead to the discovery of admissible evidence," and the same boilerplate objections as above, including, "not limited in scope," "overly broad and unduly burdensome." *Id.* Finally, Defendant objected based on a motion to dismiss that has since been denied. *Id.* Defendant's boilerplate objections are overruled for the same reasons they were denied above.

For the first time in its response to the motion, Defendant argues that this request seeks information that is "competitively sensitive, confidential, or proprietary." Dkt. 70 at 3. Besides being waived because it not included in

Defendant's objections, this objection is also inappropriate. The parties may enter into a confidentiality agreement at any point during the discovery phase of litigation and the Court will enforce such a written agreement. *See* Dkt. 32 at 6. The failure to obtain such an agreement cannot be used as an excuse not to produce response materials.

Defendant's objections are therefore overruled, and Defendant will be compelled to produce all responsive documents in its possession, custody, or control.

### III. Conclusion

Accordingly, it is **ORDERED** that the Motion (Dkt. 66) is **GRANTED** as follows:

1. Defendant's objections to Request Nos. 7, 8, 15, 19, and 20 are **OVERRULED**.

2. Defendant shall serve all responsive documents to Request Nos. 7, 8, 15, 19, and 20 on or before June 9, 2023.

3. Plaintiff is granted its reasonable expenses incurred in bringing this Motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). The parties are directed to meet and confer as to the amount of the expenses incurred filing this motion. If the parties cannot reach an agreement, Plaintiff must file a properly

- 8 -

supported motion requesting its reasonable expenses for prosecuting the Motion on or before June 9, 2023.

**DONE** and **ORDERED** in Orlando, Florida, on May 26, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Counsel of Record