## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

LIQUID CONSULTING, INC.,

      Plaintiff,

      v.

ROBERTO HERRERA; and
GLOBAL PROCESS
CONSULTANTS LLC,

      Defendants.

Case No. 6:22-cv-2312-RBD-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on Plaintiff's Motion to Compel (Dkt. 67), filed on May 1, 2023. On May 8, 2023, Defendant responded in opposition. Dkt. 71. Upon consideration, Plaintiff's Motion is due to be granted.

## I.  Background

Plaintiff Liquid Consulting, Inc., moves to compel production of documents responsive to five requests within its Second Request for Production ("Second Request"), served on Defendant on November 16, 2022. Dkt. 67. Defendant opposes, Dkt. 71, and the matter is ripe for review.

## II.  Analysis[1]

### A.  Request Nos. 2 and 7

In Request No. 2, Plaintiff seeks documents evidencing a contractual relationship between Defendant and Tetra Pak, Inc. Dkt. 67 at 9.[2] In Request No. 7, Plaintiff seeks documents "sent by [Defendant] or received by [Defendant] from Tetra Pak Inc." *Id.* at 11. Defendant objected to both Requests that they are "not limited to any dates, such as the contract's time period with Herrera, or during the time Plaintiff and Herrera allegedly had a covenant not to compete." *Id.* at 9, 11.

In its Motion, Plaintiff argues that discovery should not be limited in geographic scope or to the date range specified in the restrictive covenant. Dkt. 67 at 2. The undersigned agrees. Evidence of how Defendant operates elsewhere and at other times is directly probative of Defendant's conduct and intentions during the time covered by the restrictive covenant. Such evidence may also inform the scope and nature of any injunctive relief the Court may

---

[1] This order addresses only those objections asserted in response to Plaintiff's Second Request. Any argument or objection that is not made in writing before the filing of a motion is waived. *Harvard v. Inch*, No. 4:19-civ-212, 2020 WL 701990, at *3 (N.D. Fla. Feb. 7, 2020) (citing *Socas v. Nw. Mut. Life Ins. Co.*, No. 07-20336-CIV, 2008 WL 619322, *6 (S.D. Fla. Mar. 4, 2008)). The Court will therefore not address arguments or objections made for the first time in response to Plaintiff's motion.

[2] This Order cites the page of the adobe acrobat document filed on the docket.

deem necessary to impose on Defendant if Plaintiff obtains a favorable judgment on its misappropriation and unfair competition claims. Furthermore, as Plaintiff points out, Defendant incorporated as a legal entity in July 2021 and has only a single customer, and so there are commonsense temporal limitations in this case.[3]

Plaintiff additionally argues—and the undersigned agrees—that as to Request No. 7, it is entitled to know what confidential information Defendant shared with Tetra Pak, Inc. *Id*. at 3. Plaintiff alleges that Defendant has benefitted from Mr. Herrera's access to and knowledge of Plaintiff's confidential business information. Dkt. 28 ¶¶ 19, 41–43. Documents responsive to Request No. 7 may prove or disprove those allegations.

Defendant argues for the first time that these requests seek information that is "competitively sensitive, confidential, or proprietary." Dkt. 71 at 3, 5. Not only is this argument waived, but it is also inappropriate. The parties may enter into a confidentiality agreement at any point during the discovery phase of litigation. *See* Dkt. 32 at 6. The Court will enforce such a written agreement.

---

[3] That is not to say responsive documents could not have been created before Defendant's incorporation. If so, those documents should be produced. Rather, the relevant time frame in this case is naturally limited by the circumstances of the creation of Defendant and the few years that it has operated. In that context, the request is not unduly burdensome.

*See id*. The failure to obtain such an agreement cannot be used as an excuse not to produce response materials.

Defendant's objections to Request Nos. 2 and 7 are overruled. Defendant will be compelled to produce all responsive documents in its possession, custody, or control.

### B.    Request Nos. 8, 9, and 10

In Request No. 8, Plaintiff requests documents sent or received by Defendant to/from Tetra Pak, Inc. "regarding business in Florida conducted by [Defendants]." Dkt. 67 at 11. Request No. 9 seeks, documents sent or received by Defendant to/from Global Process Consultants SRL "regarding business in Florida conducted by [Defendants]." *Id*. at 12. And Request No. 10 seeks documents "refer to or concern work or effort by [Defendant] to assist Global Process Consultants SRL with its business in Florida, including, but not limited to assisting with processing payments." *Id*. at 13. Defendant objected to all three requests in the same manor, citing boilerplate objections and then stating that it will "produce documents responsive to this request." *Id*. at 11, 12, 13. Plaintiff maintains, however, that at the good faith conference the parties conducted, Defendant "indicated that it was not agreeing to produce all responsive documents, only those through June 5, 2022." *Id*. at 3.

Defendants' objections are overruled. In the context of Plaintiff's claims and the circumstances of this case, Plaintiff's requests for production are not

- 4 -

unduly burdensome, notwithstanding the absence of temporal or geographic limitations. Materials sought in Request Nos. 8, 9, and 10 are probative of central issues in this litigation and are therefore discoverable. Defendant's remaining arguments about confidential information, raised for the first time in its response to Plaintiff's Motion, and not only waived but are also overruled for the reasons explained above.

Defendants' objections to Request Nos. 8, 9, and 10 are overruled. Defendant will be compelled to produce all responsive documents in its possession, custody, or control.

## III.   Conclusion

Accordingly, it is **ORDERED** that the Motion (Dkt. 67) is **GRANTED** as follows:

1.   Defendant's objections to Request Nos. 2, 7, 8, 9, and 10 are **OVERRULED**.

2.   Defendant shall serve responsive documents to Request Nos. 2, 7, 8, 9, and 10 on or before June 9, 2023.

3.   Plaintiff is granted its reasonable expenses incurred in bringing this Motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). The parties are directed to meet and confer as to the amount of the expenses incurred filing this motion. If the parties cannot reach an agreement, Plaintiff must file a properly

- 6 -

supported motion requesting its reasonable expenses for prosecuting the Motion on or before June 9, 2023.

**DONE** and **ORDERED** in Orlando, Florida, on May 26, 2023.

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Counsel of Record